Peck, P. J.
(dissenting). The agreement of May 8, 1946, by usual standards of construction, need not and should not be regarded as a nudum, pactum requiring no services on the part of the plaintiff. It appears that some services were rendered, but that the present action was not based on any claim for services rendered under the contract of May 8, 1946, but was based on a settlement agreement of November 11, 1947. Normally a settlement agreement would be binding regardless of the validity or merits of the claim compromised, and plaintiff would be entitled to rest on that agreement without going behind it and showing the services rendered under the prior agreement. Under the terms of this settlement agreement, however, the prior agreement was incorporated, and as modified was made the measure of plaintiff’s rights and defendant’s obligations under the settlement agreement. This arrangement as well as the original arrangement and the dealings between the parties in respect to both agreements are strange, and as there are questions as to the validity of the underlying agreement, including questions as to the nature of the services to be rendered and whether the agreement is conscionable, and a claim that the settlement agreement was a pretense and sham, it would be appropriate for the court on the trial of this action to look behind the settlement agreement and scrutinize the entire transaction from both sides and in respect to both agreements.
I think that the court should not rule on the face of the former agreement, that the agreement was void and unconscionable and against public policy, although it may be shown to be such. The ground upon which the trial court dismissed the complaint at the close of plaintiff’s case, namely, that the cause was res judicata by virtue of a prior order entered upon a motion, was not tenable, so the judgment should be reversed and a new trial ordered unless there are no triable issues. To my mind there are triable issues as indicated. Therefore, I vote to reverse the judgment and order a new trial.
Dore, Van Yoorhis and Shientag, JJ., concur in Per Curiam opinion; Peck, P. J., dissents and votes to reverse and grant a new trial, in an opinion in which G-lennon, J., concurs.
Judgment affirmed, with costs. [See 278 App. Div. 637.]